# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CR-18-245-D |
| | ) | |
| | ) | |
| DANIEL BRYAN SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Suppress [Doc. No. 14]. The government timely responded to the Motion. [Doc. No. 18]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant Bryan Sanchez is charged in the Indictment [Doc. No. 1] with two offenses: Count I, possession of an unregistered firearm – silencer, in violation of 26 U.S.C. § 5861(d); and, Count II, felon in possession of a firearm, specifically, a Smith & Wesson, Model M&P-15, 5.56 x 45 mm NATO caliber semi-automatic rifle, in violation of 18 U.S.C. § 922(g)(1). On February 19, 2018, a district judge for Cleveland County, Oklahoma, issued a warrant to search Mr. Sanchez's residence located at 609 Palo Verde Ct., Oklahoma City, Oklahoma, for various items, including, but not limited to, marijuana, methamphetamine, drug paraphernalia, firearms, and ammunition. The search warrant was issued based on a six-page affidavit submitted by Cleveland County Sheriff's Office Investigator Bradley Neff ("Affiant"). [Doc. No. 14-1]. On February 23, 2018, the search warrant was served and executed at Mr. Sanchez's residence. An AR-15 style rifle, an oil

filter converted into a silencer, ammunition, drug paraphernalia, marijuana, and methamphetamine were found and seized, and Mr. Sanchez was arrested at the scene. Mr. Sanchez was indicted on September 18, 2018. [Doc. No. 14 at 5].

Mr. Sanchez challenges the validity of the search warrant under *Illinois v. Gates*, 462 U.S. 213, 231, 103 S. Ct. 2317, 2328, 76 L. Ed. 2d 527 (1983), and seeks the suppression of all evidence seized during the search arguing that the executing officers' reliance on the warrant is not protected by the good-faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 3421, 82 L. Ed. 2d 677 (1984).

Mr. Sanchez contends the Affidavit provides no information to establish the reliability of several named and confidential sources who reported that he was in possession of an AR-15 style rifle and selling illegal narcotics from his Oklahoma City home, and lacks sufficient information to connect illegal drug trafficking with his home. Mr. Sanchez also challenges the affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978), stating that the search warrant would not have issued if not for reckless, material misstatements or omissions regarding his criminal history set forth in the Affidavit. The government, on the other hand, argues that the Affidavit sets forth sufficient facts to establish probable cause that evidence of drug trafficking would be found at Mr. Sanchez's residence, and that even if the search warrant was not valid, the officers acted on the warrants in good faith. Upon careful consideration, the Court issues the following ruling.[1]

---

[1] Although Defendant requests a hearing "unless the Court is inclined to grant the motion without a hearing," the Court finds none is necessary. [Doc. No. 14 at 1]. Whether

# I.      Validity of the Search Warrant

"A search warrant can issue only upon a showing of probable cause." *United States v. Long*, 774 F.3d. 653, 658 (10th Cir. 2014) (citing *United States v. Biglow*, 562 F.3d 1272, 1275 (10th Cir. 2009)); U.S. Const. amend. IV. "In dealing with probable cause, . . . as the very name implies, [the court] deal[s] with probabilities" that are not technical but rather the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231, 103 S. Ct. 2317, 2328, 76 L. Ed. 2d 527 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct 1302, 1311, 93 L.Ed. 1879 (1949)). This standard requires more than "mere suspicion but

---

to hold an evidentiary hearing on a motion to suppress is within the discretion of the Court. *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995). "The defendant bears the burden of showing there are material facts in dispute, and an evidentiary hearing is only required when the motion to suppress "raise[s] factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Glass*, 128 F.3d 1398, 1408–09 (10th Cir. 1997) (quoting *Chavez-Marquez*, 66 F.3d at 261) (internal quotations omitted). "A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief." *Chavez-Marquez*, 66 F.3d at 261 (quoting United States v. Woods, 995 F.2d 713, 716 (7th Cir.1993)

Based upon the representations from both parties, the search warrant was issued based entirely upon a probable cause affidavit. Defendant acknowledges that probable cause may be determined without a hearing where the warrant was issued only on an affidavit. [Doc. No. 14 at 6]. The Court finds that a hearing would add nothing useful to the determination of probable cause in this case. Indeed, "where the police do not present oral testimony to the reviewing magistrate, the appellate court must ascertain the existence of probable cause to support a warrant exclusively from the affidavit's four corners." *United States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005) (citing *Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560,* 565 n. 8, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)).

less evidence than is necessary to convict." *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000) (internal quotation omitted).

Any affidavit upon which probable cause is based "must provide a substantial basis to conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999) (internal quotations omitted)); *Gates*, 462 U.S. at 239 ("An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause."). That is, the affidavit must establish "a nexus between . . . suspected criminal activity and the place to be searched." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (citation omitted). In order "[t]o assess the validity of a search warrant under the Fourth Amendment," the court must review "the totality of the circumstances in the affidavit provided." *United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997) (quoting *United States v. McCarty,* 82 F.3d 943, 947 (10th Cir.) (internal quotations omitted), *cert. denied,* 519 U.S. 903, 117 S.Ct. 257, 136 L.Ed.2d 183 (1996)).

However, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 236. Instead, "a magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Id*. (quoting *Spinelli, supra,* 393 U.S., at 419, 89 S.Ct., at 590). Nor should courts "invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Id* (quoting *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)). The finding of probable cause "should be upheld if the magistrate had a 'substantial basis' for determining that probable cause existed." *Id*. at *5 (quoting

*United States v. Perrine,* 518 F.3d 1196, 1201 (10th Cir.2008) (internal quotations omitted); *Gates*, 462 U.S. at 239. "The Fourth Amendment's strong preference for warrants compels us to resolve 'doubtful or marginal cases' by deferring to [the issuing] judge's determination of probable cause." *Biglow*, 562 F.3d at 1282 (citing *Massachusetts v. Upton,* 466 U.S. 727, 728, 734, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984)).

## A. Statements by Informants

Mr. Sanchez challenges the following informant statements in the Affidavit: (1) Ashley McMillan's report to the Canadian County Sherriff's Office that Mr. Sanchez threatened to kidnap and kill a neighbor's ex-boyfriend and that he was in possession of an AR-15 style rifle; (2) a confidential informant's description of Mr. Sanchez engaging in drug trafficking at a residence across the street from his home; (3) Billy Jack Charnick's assertion that Mr. Sanchez is a distributor of narcotics; and (4), the report by a "good citizen source" that Mr. Sanchez was in possession of an AR-15 style rifle and the photo of the weapon he provided.[2]

---

[2] In his statement of facts, Mr. Sanchez also challenges two of the Affiant's recited special circumstances in support of the "no knock" warrant: (1) Mr. Sanchez "is purported to have had as many as 14 firearms in the past six months"; and, (2) "users of Methamphetamine can experience Methamphetamine induced psychosis and can become violent." [Doc. No. 14 at 4]; [Doc. No. 14-2 at 5-6]. Mr. Sanchez does not address in his briefing the issue of the appropriateness of the "no knock" provision of the warrant. However, examining the totality of the Affiant's declared special circumstances, the Court finds there was sufficient reasonable suspicion to justify the "no knock" provision.

"[T]he knock-and-announce requirement [can] give way 'under circumstances presenting a threat of physical violence,' or 'where police officers have reason to believe that evidence would likely be destroyed if advance notice were given.'" *United States v. Musa*, 401 F.3d 1208, 1212 (10th Cir. 2005) (quoting *Richards v. Wisconsin*, 520 U.S. 385, 387, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997)) (internal quotations omitted) (alterations in

Mr. Sanchez argues that the Affidavit does not demonstrate the veracity or reliability of these informants or their assertions. The government argues that the information provided by each informant is corroborated by other informants, and, therefore, is sufficient to support a finding of probable cause.

The *Gates* Court "adopted a 'totality of the circumstances' test to determine when information from an anonymous or confidential informant can establish probable cause." *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (citing *Gates*, 462 U.S. at 238). An informant's "veracity, reliability, and basis of knowledge are all highly relevant in determining the value of his report." *Gates,* 462 U.S. at 230 (internal quotations omitted). However, these factors "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question" regarding sufficient probable cause. *Id*. "[A] deficiency in one [factor] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia

---

original). While the "14 firearms" assertion and Mr. Sanchez's actual use of methamphetamine is without support, the Affiant also relies on the reports of Mr. Sanchez's recent possession of an AR-15 style rifle with homemade silencer, the alleged death threat, and his own training, knowledge, and experience with convicted felons in possession of weapons. [Doc. No. 14-1 at 5-6]. In addition, common sense leads to a probable conclusion that an alleged dealer of methamphetamine, as reported by informant statements included in the Affidavit, is also a user of methamphetamine. Based on these circumstances, the Court finds the "no knock" provision was justified. There was reasonable suspicion that knocking and announcing law enforcement's presence, under these particular circumstances, would be dangerous. *Musa*, 401 F.3d at 1213. "[T]he facts and circumstances of [this] *particular* entry justified dispensing with the knock-and-announce requirement." *Id*. (quoting *Richards*, 520 U.S. at 394).

of reliability." *Id.* at 233, 103 S.Ct. 2317. "When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *United States v. Danhauer,* 229 F.3d 1002, 1006 (10th Cir.2000); *Artez,* 389 F.3d at 1111.

The Supreme Court in *Gates* emphasized the Court's consistent recognition of "the value of corroboration of details of an informant's tip by independent police work." *Gates,* 462 U.S. at 241. "[E]even in making a warrantless arrest an officer "may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Gates,* 462 U.S. at 242 (citing *Jones v. United States,* 362 U.S. 257, 269, 80 S. Ct. 725, 735, 4 L. Ed. 2d 697 (1960), *overruled by U. S. v. Salvucci,* 448 U.S. 83, 100 S. Ct. 2547, 65 L. Ed. 2d 619 (1980)).

Yet, independent investigative work is not necessarily required. "[P]robable cause can be based solely on information from a reliable, credible informant." *U.S. v. Long,* 774 F.3d 653 (2014) (citations omitted). A law enforcement officer is not required "to corroborate information received from an informant through *personal* observation" but "must have knowledge of other matters that reasonably corroborate the informant[s']" statements." *U.S. v. Mathis,* 357 F.3d 1200, 1204 (10th Cir. 2004) (emphasis in original). A "law enforcement agent's opinion, based upon his professional expertise, that evidence of illegal activity will be found in the place to be searched, is entitled to consideration in our determination of whether probable cause existed at the time a warrant issued." *Id.* at 1205 (citations omitted). Corroboration "by the Affiant's assertion of the informant's prior

accuracy in reporting . . . and expertise" in the area of the subject offense is likewise adequate to support a probable cause affidavit. *Long*, 774 F.3d at 660.

### i. The Confidential Source

The Affiant attests that on February 17, 2018, the confidential source personally observed Mr. Sanchez walk from his house to a house across the street and engage in the distribution of marijuana. The confidential source further reported personally observing Mr. Sanchez in the possession of marijuana, methamphetamine and paraphernalia. [Doc. No.14-1 at 4]. The confidential source is described in the affidavit as experienced in "the use, possession and distribution of marijuana for several years" as well as "the methods of distribution, appearance of, methods of use, production, and distribution, and street values of narcotics to include Marijuana, Methamphetamine, and various prescription drugs which have been diverted." *Id*. Finally, the Affiant states that the confidential source "has provided reliable and corroborated information in the past." *Id*.

Mr. Sanchez challenges the sufficiency of the Affidavit's foundation of veracity and reliability of the confidential informant and whether the source's information creates a reasonable nexus between the suspected criminal activity and his home. [Doc. No. 14 at 7]. Mr. Sanchez argues that the Affidavit fails to create a reasonable nexus because the informant does not indicate whether he or she observed Mr. Sanchez take drug trafficking related evidence with him to the neighboring house. The Court disagrees. The Affidavit must be examined based on the totality of the circumstances, not simply as a list of separate, independent observations.

The Affidavit states that on the same day the confidential source made his observations of Mr. Sanchez's drug trafficking, February 17, 2018, the Affiant engaged in surveillance of Mr. Sanchez's home and observed activity known to him through his "training, knowledge, and experience" to indicate the distribution of narcotics. [Doc. No. 14-1 at 4]. This surveillance was itself corroborated by the discovery of a loaded firearm and methamphetamine in one of the two vehicles he observed arrive and leave Mr. Sanchez's home within a 3-5 minute period. *Id.*

Although the Affiant does not provide specifics as to the behavior of the individuals in the vehicles when they arrived at Mr. Sanchez's home or a concrete connection between the gun and narcotics found in one of the vehicles, the appropriate probable cause inquiry requires a common-sense examination of the totality of the circumstances. All that is required to establish probable cause is sufficient evidence to create "a fair probability" that evidence would be found at Mr. Sanchez's residence. *See Myers,* 106 F.3d at 939. On the same day a reliable source observed Mr. Sanchez selling illegal drugs, individuals acting in a manner consistent with drug trafficking were observed at his residence. These supported assertions, in the totality of the circumstances, led to a common-sense conclusion that evidence of narcotics trafficking would be found in Mr. Sanchez' home.

Based on the corroboration by the Affiant of the confidential source's prior accuracy and his expertise in the narcotics trade as well as the Affiant's independent investigation, the Court finds the affidavit provided a substantial basis upon which the issuing district judge could find probable cause that Mr. Sanchez was engaged in the distribution of illegal drugs.

### ii. Information from Billy Jack Charnick

Billy Jack Charnick informed the Affiant that Mr. Sanchez was a "distributer of Marijuana and Methamphetamine," provided his address, and identified the residence in July 2017. [Doc. No. 14-1 at 3]. Mr. Charnick was a defendant in a distribution of methamphetamine case at the time. *Id*. Based on the approximate seven-month gap between Mr. Charnick's report and the date of the Affidavit, Mr. Sanchez argues that his information was stale. Mr. Sanchez also challenges Mr. Charnick's information on the ground that the Affidavit does not provide a "basis for [his] knowledge, specific knowledge, or even basis for veracity." [Doc. No. 14 at 8].

Based on the totality of circumstances as set forth in the Affidavit, the Affiant conducted significant independent investigation to verify Mr. Charnick's statements. The Affiant confirmed that Mr. Sanchez lived at the address reported by Mr. Charnick, checked Mr. Sanchez's criminal history and noted several felony convictions for possession of a controlled substance, interviewed the other informants whose statements are included in the Affidavit, and conducted surveillance of Mr. Sanchez's home. This investigatory activity in early 2018 resulted in information echoing Mr. Charnick's initial report that Mr. Sanchez was actively distributing illegal drugs. Examined in conjunction with the statement of the confidential informant discussed *supra*, and the Affiant's independent investigative work, Mr. Charnick's statements are not stale and add to the totality of circumstances which provide a substantial basis for finding probable cause. However, even if the Court were to strike Mr. Charnick's statements from the Affidavit, the confidential

informant's statements, as discussed above, along with the Affiant's independent investigation, would be sufficient to establish probable cause.

### iii.    Information from Ashley McMillan and the Good Citizen Source

Mr. Sanchez asserts that Ashley McMillan's report that Mr. Sanchez threatened to kidnap and kill the ex-boyfriend of his neighbor, and that he was in possession of an AR-15 style rifle, is not corroborated.  [Doc. No. 14 at 7].  Further, he challenges the "good citizen source" statement on the basis that it is not corroborated, the statement does not allege Mr. Sanchez still had possession of the firearm, and that the photograph purported to be of the firearm is not adequately described.  *Id*. at 8-9.  The Government relies on cross-corroboration: (1) that Ms. McMillan's information is corroborated by the good citizen source's statement; and, (2) that the good citizen source's statement is itself corroborated by Ms. McMillan's report.  [Doc. No. 18 at 9, 11].

The good citizen source based his or her statement on personal observation over a four-month period.  In February 2018, the good citizen source informed the Affiant that Mr. Sanchez was in possession of an AR-15 style rifle with an attached homemade silencer and provided a photo of the weapon from October 2017.  The Affiant's statement is clear that the good citizen source provided a photograph of "the weapon." [Doc. No. 18-2 at 4]. Common sense suggests an interpretation that the good citizen source provided a photo of the weapon he or she personally observed in Mr. Sanchez' possession.  Ms.  McMillan reported her observations on January 22, 2018.  Ms. McMillan also based her report on her personal observation of Mr. Sanchez in possession of the AR-15 style rifle.

Ms. McMillan and the good citizen independently reported that Mr. Sanchez was in possession of the same type of firearm on January 22, 2018, and in February 2018. The good citizen also provided evidence that Mr. Sanchez was in possession of the AR-15 style rifle in October 2017. Mr. Sanchez's assertion that the Affidavit failed to allege he was in possession of the firearm at the time of the search warrant is misplaced. The Affidavit clearly states that Mr. Sanchez was observed to be in possession of the firearm approximately one month before the search warrant was issued. There was a reasonable, common sense probability that Mr. Sanchez would still be in possession of the firearm at the time the district judge issued the warrant.

The Court finds that these informant statements sufficiently corroborate one another. These statements provided a substantial basis for the issuing district judge to determine probable cause for the search warrant with respect to the AR-15 style rifle, silencer, and ammunition.

### B.       Mr. Sanchez's Criminal History

Mr. Sanchez challenges the Affiant's recitation of his criminal history in the Affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978) as "reckless misstatements or omissions [that] are material because the search warrant would not have been issued in light of the other deficiencies in the allegations supporting probable cause." [Doc. No. 14 at 9].   "Under *Franks,* a Fourth Amendment violation occurs if (1) an officer's affidavit supporting a search warrant application contains a reckless misstatement or omission that (2) is material because, but for it, the warrant could not have lawfully issued." *United States v. Herrera*, 782 F.3d 571, 573 (10th Cir. 2015) (citations omitted).  Accordingly, "a

court must strike any intentional, knowing, or reckless misstatements in the warrant application affidavit and assess the affidavit without them." *Herrera*, 782 F.3d at 575 (citing *Franks*, 438 U.S. at 155-56). "If instead the affidavit contains intentional, knowing, or reckless omissions, a court must add in the omitted facts and assess the affidavit in that light." *Herrera*, 782 F.3d at 575 (citing *Stewart v. Donges,* 915 F.2d 572, 582–83 (10th Cir.1990)).

Mr. Sanchez asserts several reckless misstatements and omissions regarding his criminal history. [Doc. No. 14 at 9]. In order "[t]o establish reckless disregard in the presentation of information to a magistrate judge, 'there must exist evidence that the officer in fact entertained serious doubts as to the truth of his allegations ... and [a] factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir. 2014) (quoting *Beard v. City of Northglenn,* 24 F.3d 110, 116 (10th Cir.1994)). "[O]missions are made with reckless disregard if an officer withholds a fact in his ken that any reasonable person would have known [] was the kind of thing the judge would wish to know." *Wilson v. Russo,* 212 F.3d 781, 787–88 (3d Cir.2000) (cited with approval in *Stonecipher*, 759 F.3d at 1142) (internal quotation omitted) (alteration supplied). However, *Franks* does not extend to "immaterial omissions." *United States v. Ingram*, 720 Fed. Appx. 461, 470 (10th Cir. 2017), *cert. denied, Ingram v. United States*, 138 S. Ct. 1179, 200 L. Ed. 2d 327 (2018) (citing *Stewart v. Donges*, 915 F.2d 572, 583 (10th Cir. 1990). If "'a warrant would have issued in a but-for world where the attesting officer faithfully represented the facts,' then

we can dismiss the contested omission as immaterial." *Ingram*, 720 Fed. Appx. at 470 (quoting *United States v. Herrera*, 782 F.3d at 575).

Here, the asserted misstatements and omissions relate to the nature of one of Mr. Sanchez's convictions and most of his sentences. Specifically, Mr. Sanchez objects that his arrest for burglary in the first degree was listed as a separate incident from the conviction for grand larceny which resulted from the incident and that the suspended or deferred nature of his sentences were omitted. [Doc. No. 14 at 9]. Mr. Sanchez does not contest the Affiant's recitation of his felony convictions for possession of a controlled substance.

Mr. Sanchez has not met the threshold showing that the Affiant knew of, or recklessly disregarded, false information, or knowingly or recklessly omitted information that would have vitiated probable cause. Mr. Sanchez presents only information to correct the errors in his criminal history and no evidence that the Affiant "in fact entertained serious doubts as to the truth of his allegations." *Stoncipher*, 759 F.3d at 1142. In fact, the Affiant's recitation of the arrest and resulting conviction as separate incidents was truthful. The arrest is designated an arrest, not a conviction. The conviction is listed as such and Mr. Sanchez does not contest the description of that conviction. Mr. Sanchez likewise fails to present any evidence that the Affiant entertained any doubts as to the omissions relating to Mr. Sanchez's sentences. Nor has Mr. Sanchez presented any evidence indicating that "but-for" these alleged inaccuracies, the probable cause warrant would not have issued.

Striking the offending "misstatements" and adding the omitted information about Mr. Sanchez's sentences, the Court finds the search warrant would still have issued and, therefore, the alleged inaccuracies are immaterial.

In summary, the Court finds that the Affidavit contains sufficient corroborating evidence coupled with the expertise of both the informants and the Affiant to establish "a fair probability that contraband or evidence of a crime [would] be found" at the location subject to the warrant. *Mathis*, 337 F.3d at 1205. The totality of the Affiant's personal expertise in narcotics investigation, his corroborating observations and investigative work, his personal declarations of the veracity and reliability of informants, the corroborated informant statements, and Mr. Sanchez's criminal history of felony convictions, as a whole, provided a substantial basis for the issuing judge to find probable cause. Defendant's Motion to Suppress is denied for the reasons set forth above.

## II.     The Good Faith Exception

"'[A] search warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (1984) (internal quotations and citations omitted). "Under the good-faith exception to the exclusionary rule, if a warrant is not supported by probable cause, the evidence seized pursuant to the warrant need not be suppressed if the executing officer acted with an objective good-faith belief...." *United States v. Chambers*, 882 F.3d 1305, 1310 (10th Cir. 2018), *cert. denied, Chambers v. United States*, 138 S. Ct. 2695 (2018) (internal quotations omitted); *see also Leon*, 468 U.S. at 922.

There are four exceptions to the good faith doctrine in which suppression remains an appropriate remedy. *Leon*, 468 U.S. at 923. Mr. Sanchez asserts only one of those exceptions, therefore, there is no need to discuss the others. Mr. Sanchez argues that the search warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (internal quotations omitted). "An affidavit lacks indicia of probable cause when it does not contain factual support." *Chambers*, 882 F.3d at 1310. The question to be asked is whether the affidavit is "*devoid of factual support*." *Id.* (emphasis in original). An affidavit devoid of factual support is "one that merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *Id.* (quoting *United States v. Roach*, 582 F.3d 1192, 1204-05 (10th Cir. 2009).

As discussed above, the Court finds that the Affidavit establishes sufficient probable cause to justify issuing the search warrant. Therefore, the Affidavit is hardly "devoid of factual support" to the extent described in *Chambers* and the good faith exception would apply even if the Court had found the Affidavit did not establish probable cause.

## CONCLUSION

For the reasons stated above, Defendant Daniel Bryan Sanchez's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED** this 4th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE